John Ladle, Jr., by John Ladle, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 22,704.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed March 26, 1917. Rehearing denied April 9, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Ladle, Jr., by John Ladle, his next friend, plaintiff, against City of Chicago, a municipal corporation, A. Benson and Emma Benson, his wife, defendants, to recover damages for personal injuries sustained by plaintiff alleged to have been due to a fall off a certain cinder walk constructed by defendant city at a considerable elevation above the vacant lot adjacent thereto, and owing to the defective condition of a fence also constructed by defendant city along such walk for protection from such lot. From a judgment for plaintiff for $10,000 against the defendant city, such defendant appeals.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for appellant City of Chicago; R. H. FARRELL and HENRY T. CHACE, JR., of counsel.

SABATH, STAFFORD & SABATH, for appellee; CHARLES B. STAFFORD, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 170*—*what is effect of sustaining demurrer to declaration filed by some defendants.* It does not necessarily fol-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ladle v. City of Chicago, 204 Ill. App. 475.

low from the sustaining of a demu_ . filed by certain defendants to a declaration that such declaration does not state a good cause of action as to the other defendants.

2. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 17*—*what constitutes discontinuance.* Failure to amend a declaration after' leave, upon sustaining a demurrer to such declaration, operates as a discontinuance of the suit as to the defendant or defendants filing the demurrer.

3. MUNICIPAL CORPORATIONS, § 1107*—*when refusal to direct verdict for city in action for negligent injuries is erroneous.* In an action against a city to recover damages for personal injuries alleged to have been sustained by plaintiff while walking along a certain cinder walk, and in the exercise of ordinary care for his own safety, owing to the negligence of the defendant in the care of a fence constructed by it along the walk to protect pedestrians from an adjacent vacant lot considerably below the level of the walk, and the defective condition of such fence, by reason whereof the plaintiff fell off the walk into the lot and was injured, where the proof showed that the plaintiff, a very young lad, was, in fact while sitting on the edge of the walk above the lot his feet hanging over, pushed by a little girl with whom he was disputing so that he fell into the lot and thereby sustained the injuries complained of, instead of in the manner alleged in the declaration, *held* that refusal to instruct a verdict for the defendant was reversible error.

4. MUNICIPAL CORPORATIONS, § 968*—*when injuries to person falling through defective guard fence not proximate result of negligence of city.* In an action to recover damages against a city for personal injuries alleged to have been caused by the city's negligent care of a fence constructed by it along a certain sidewalk to protect pedestrians from a vacant lot adjacent considerably below the level of the walk, where the proof showed plaintiff, while sitting on the edge of the walk above the lot with his feet hanging over, was pushed by another party so that he fell into the lot and thereby sustained the injuries complained of, *held* that it could not be said such injuries were either the natural or probable result of the negligence of the city.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.